UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Simons Petroleum, Inc., | ) | CASE NO. 1:08 MC 005 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| TA Operating, LLC, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is pending before the Court upon Motion for an Order of Contempt and to Enforce Subpoena (Doc. 1). This matter arises out of a subpoena issued in connection with an arbitration scheduled to proceed in Illinois. For the reasons that follow, the motion is DENIED.

### FACTS

Plaintiff, Simons Petroleum, Inc, and defendant, TA Operating, LLC, are parties to an arbitration pending in Illinois. The arbitrators issued a subpoena to third-party Mike Hinderliter to appear in Ohio for a Deposition in Lieu of Appearance at Arbitration. Hinderliter's attorneys informed plaintiff that Hinderliter would not appear for deposition absent a court ordered

1

subpoena.  Thereafter, counsel for plaintiff caused a subpoena to be issued from this Court requiring Hinderliter to appear for a deposition.  Hinderliter failed to appear and plaintiff filed the instant action seeking to enforce the subpoena and issue an order of contempt.  Hinderliter opposes the motion.

**ANALYSIS**

Hinderliter argues that this Court lacks the authority to enforce the subpoena because it was improperly issued.  Specifically, he claims that there is no underlying federal court case tied to the subpoena.  Upon review, the Court agrees with Hinderliter that the subpoena cannot be enforced because it was improperly issued.  Rule 45 of the Federal Rules of Civil Procedure does not in and of itself confer federal jurisdiction.  Rather, it provides a vehicle for obtaining discovery over individuals outside the subpoena power of another federal court in which an action is pending.  Thus, the authority of a federal court to resolve third-party discovery issues is directly tied to the existence of an action over which federal jurisdiction lies.  Absent such action, there is no independent federal jurisdiction under Rule 45.  *See, e.g., Rum Marketing International, Ltd. v. Compania Licorera De Centroamerica, S.A.*, unreported, 2007 WL 2702206 (S.D. Fla. Sept. 13, 2007)(*citing Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1552 (10th Cir. 1996)).

The fact that there is an underlying arbitration is insufficient to confer jurisdiction because federal jurisdiction does not exist vis à vis the arbitration proceeding.  Accordingly, the Court lacks jurisdiction to enforce the subpoena.[1]

---

[1] Plaintiff is not attempting to enforce the subpoena issued by the arbitrators.  The appropriate forum for enforcement of such a subpoena appears to be the district court in which the arbitration is

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for an Order of Contempt and to Enforce Subpoena is DENIED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 1/24/08

---

proceeding. *See*, 9 U.S.C. § 7.